1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOE SPAND,

11           Plaintiff,                         No. CIV S-09-0552 EFB P

12       vs.

13   J. MARTEL, et al.,

14           Defendants.                        ORDER
                                          /
15

16       Joe Spand, a former inmate at Mule Creek State Prison, filed this *pro se* civil rights

17   action under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application

18   to proceed *in forma pauperis* and a motion for appointment of counsel.  This proceeding was

19   referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the

20   undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. L. R., Appx. A, at (k)(4).

21   **I.      Request to Proceed *In Forma Pauperis***

22       Plaintiff has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

23   Dckt. No. 2.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and

24   (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to

25   collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

26   § 1915(b)(1) and (2).

1

## II.      Request for Appointment of Counsel

District courts lack authority to require counsel to represent indigent litigants in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff.  28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The court finds that there are no exceptional circumstances in this case.

## III.      Screening Order

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  The court finds that the complaint fails to state a cognizable claim against defendants and should therefore be dismissed for the following reasons.

In this action, plaintiff alleges that defendant R. Dion fabricated a Rules Violation Report ("RVR") charging plaintiff with refusing a direct order (to accept a cellmate).  Compl. at 25.[1]  In a hearing presided over by defendant J.K. Rogel and reviewed by defendant L. Olivas (*see id.* at 33 and 35), plaintiff was found guilty of the rules violation and assessed a loss of 30 days behavioral credit, among other punishments.  *Id.* at 36.  Plaintiff seeks "$50,000 for pain and suffering."  *Id.* at 3.

////

---

[1] Plaintiff presents a bare-bones form complaint with many unnumbered attachments. The page numbers used herein have been obtained by hand-numbering the complaint and attachments consecutively.

1    The U.S. Supreme Court has held that a prisoner's claim for money damages does not

2  present cognizable claim under 42 U.S.C. § 1983 if a judgment in the prisoner's favor would

3  necessarily imply the invalidity of a deprivation of good-time credits, regardless of whether the

4  plaintiff actually seeks restoration of the lost credits. *Edwards v. Balisok*, 520 U.S. 641, 644,

5  647-48 (1997).  Such a claim must instead be brought as a petition for writ of habeas corpus.

6  *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973);

7  *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003).  Plaintiff's allegations against

8  defendants are all grounded on his assertion that defendant Dion fabricated the RVR and that

9  discipline based on the fabricated RVR was unlawful.  A judgment in plaintiff's favor on these

10  allegations would necessarily imply the invalidity of the deprivation of good-time credits

11  imposed on plaintiff based on the allegedly fabricated RVR.  Accordingly, these allegations do

12  not present claims cognizable under 42 U.S.C. § 1983 unless and until plaintiff can prove that

13  the disciplinary finding has been reversed or expunged (such as by the issuance of a writ of

14  habeas corpus).  *Ramirez*, 334 F.3d at 855-56 (quoting *Heck*, 512 U.S. at 486-87, 489).  Plaintiff

15  has not demonstrated that the challenged disciplinary action has been invalidated.  Thus, to

16  proceed plaintiff must file an amended complaint demonstrating the invalidation of the discipline

17  imposed based on the allegedly fabricated RVR.

18    Any amended complaint must adhere to the following requirements:

19    It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local

20  Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

21  complaint, the original pleading is superseded.

22    It must show that the federal court has jurisdiction and that plaintiff's action is brought in

23  the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must

24  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

25  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

26  *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

1  he does an act, participates in another's act or omits to perform an act he is legally required to do

2  that causes the alleged deprivation).

3      It must contain a caption including the name of the court and the names of all parties.

4  Fed. R. Civ. P. 10(a).

5      Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ.

6  P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences,

7  the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join

8  multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims

9  against different defendants must be pursued in multiple lawsuits.  "The controlling principle

10  appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as

11  alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple

12  claims against a single party are fine, but Claim A against Defendant 1 should not be joined with

13  unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in

14  different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit

15  produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation

16  Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file

17  without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605,

18  607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless

19  both commonality and same transaction requirements are satisfied).  Plaintiff may not change the

20  nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d

21  at 607 (no "buckshot" complaints).

22      The allegations must be short and plain, simple and direct and describe the relief plaintiff

23  seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*

24  *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading,

25  including many defendants with unexplained, tenuous or implausible connection to the alleged

26  constitutional injury or joining a series of unrelated claims against many defendants very likely

1   will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

2   plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

3   these instructions.

4        Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended

5   complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his

6   allegations and that for violation of this rule the court may impose sanctions sufficient to deter

7   repetition by plaintiff or others.  Fed. R. Civ. P. 11.

8        A prisoner may bring no § 1983 action until he has exhausted such administrative

9   remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

10  *v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his

11  claims are warranted by existing law, including the law that he exhaust administrative remedies,

12  and that for violation of this rule plaintiff risks dismissal of his entire action.

13       Accordingly, it hereby is ORDERED that:

14       1.  Plaintiff's request to proceed *in forma pauperis* is granted.

15       2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

16  accordance with the notice to the Director of the California Department of Corrections and

17  Rehabilitation filed concurrently herewith.

18       3.  Plaintiff's request for appointment of counsel is denied.

19       4.  Plaintiff's complaint is dismissed, with leave to amend, for plaintiff's failure to state a

20  claim.  Within thirty days, plaintiff shall file an amended complaint demonstrating that the

21  challenged disciplinary action based on the allegedly fabricated rules violation report has been

22  set aside and otherwise complying with this order.  *See* 28 U.S.C. § 1915A.  The amended

23  complaint must bear the docket number assigned to this case and be titled "First Amended

24  Complaint."  Failure to comply with this order will result in this action being dismissed without

25  prejudice to plaintiff filing a petition for writ of habeas corpus to challenge defendants' alleged

26  fabrication of the rules violation report and imposition of discipline based thereon, and without

1  prejudice to plaintiff filing a new civil rights action if such discipline is ever set aside.  If

2  plaintiff files an amended complaint stating a cognizable claim the court will proceed with

3  service of process by the United States Marshal.

4  Dated:  July 15, 2010.

5

6                                                EDMUND F. BRENNAN
                                                  UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26