IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOE SPAND,

      Plaintiff,                       No. CIV S-09-0552 EFB P

      vs.

J. MARTEL, et al.,

      Defendants.            ORDER

_____/

      Plaintiff is a former inmate at Mule Creek State Prison proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

      On July 16, 2010, the court dismissed the complaint and provided plaintiff with 30 days to file an amended complaint. Dckt. No. 8. The court found that plaintiff could not proceed under § 1983 without showing that credit loss he sustained as a result of the disciplinary action he complains of had been reversed, expunged, or otherwise invalidated.

      Plaintiff sought an extension of time to respond to the court's order, and the court granted plaintiff 30 days from September 13, 2010 to file an amended complaint. Dckt. No. 12. Plaintiff failed to file anything within the time provided. However, on October 27, 2010, plaintiff filed a

1

letter requesting the status of his case and stating that "CDC is not cooperating" to provide him with the documents that show that the disciplinary action was "overturned." Dckt. No. 13.

By order dated November 2, 2010, the court construed plaintiff's October 27th filing as a request for an additional extension of time and excused plaintiff's failure to comply with the deadline provided in the order of September 13, 2010 to file an amended complaint. Dckt. No. 14. The court granted plaintiff an additional 45 days from the date of that order to file an amended complaint, admonished plaintiff that failure to comply with court orders may result in dismissal of this action, and instructed plaintiff to provide the November 2, 2010 order to prison officials when requesting the needed documents.

Instead of using the November 2, 2010 order to obtain the necessary documents as instructed by the court, plaintiff has submitted a response stating that he requested the documents "verbally" and by "written statement to [the] records office" sixty days ago, well before the November 2 order issued, and has received no response. Dckt. No. 15. The court provided plaintiff another opportunity to comply with its orders, instructing him to file on or before December 17, 2010 either (1) an amended complaint or (2) a document providing the court with the name(s) of official(s) who, *having been provided with or shown a copy of the court's November 2, 2010 order*, refuse to provide plaintiff with a copy of whatever documents that are in the possession of the California Department of Corrections and Rehabilitation evidencing that the rules violation report, CDC form 115 dated August 11, 2007, or the credit loss resulting therefrom, has been reversed, expunged, or otherwise invalidated.

Plaintiff thereafter submitted a brief document stating again that Correctional Counselor A. Nanquil "is not cooperating to show the disciplinary actions were overturned." Dckt. No. 18. Plaintiff did not indicate whether or not he had complied with the court's order to show the order of November 2, 2010 to Nanquil or other appropriate staff when seeking the disciplinary records. Accordingly, to be perfectly clear, on February 2, 2011, the court ordered that plaintiff either file (1) the amended complaint or (2) a declaration signed under penalty of perjury stating that

plaintiff has provided the November 2, 2010 order to the appropriate prison official in seeking the relevant disciplinary records, the name of the official to whom plaintiff provided the November 2, 2010 order, and the response of the official to plaintiff's request for the records. The court admonished plaintiff that failure to comply with the order would result in dismissal of this action.

Plaintiff's response to the February 2, 2011 order was due on February 18, 2011. The court has received no response. In light of plaintiff's failures, the court will dismiss this action for failure to prosecute and for failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); L.R. 110.

Accordingly, IT IS HEREBY ORDERED that:

1. This action be dismissed for failure to prosecute and for failure to comply with court orders.

2. The Clerk is directed to close the case.

DATED: April 26, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE